WILLIAM H. HUBBARD, Plaintiff in Error, *vs.* AARON WILLIAMS, Defendant in Error.

Negotiable paper is not such "property, money or effects." as the statute contemplates in describing what species of property may be made the subject of garnishment.

Property, money or effects, to be attachable under the statute, must be in the possession, or under the control, or *due* from, the person summoned as garnishee. It must be due to the defendant in the judgment or decree which forms the basis of the writ, at the time when the writ is served upon him.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The facts of this case appear sufficiently from the opinion of the Court.

ATWATER, for Plaintiff in Error.

RICE, HOLLINSHEAD & BECKER, for Defendant in Error.

*By the Court.*—COOPER, J. This was an action in assumpsit, instituted before a Justice of the Peace, October 29th, 1850, to recover the amount of a promissory note, made by Hubbard, the defendant below, payable to one Reuben Bean or order, at thirty days, for $45, and dated September 23d, 1850. On October 2nd, 1850, Bean passed this note to Edmund Rice, and, October 11th, Rice passed it to Williams, the plaintiff below, and defendant in error in this cause. Upon the trial of the cause before the Justice, the defendant, Hubbard, pleaded a former recovery on the same note, and produced in evidence a judgment obtained by Steele against Bean, the original payee of the note; and also a judgment against himself as garnishee of Bean. The process of garnishment was issued October 2nd, 1850, and served on the same day upon Hubbard. He appeared and answered that he had, September 23d, 1850, made his promissory note for $45, at thirty days, payable to Bean or his order; and, upon this answer, at a subsequent day, a judgment in default of his appearance, was entered against him for $45, the amount of the said note.

The Justice, in the trial of the cause now under consideration, disregarded this judgment against the defendant below as

garnishee of Bean, and gave judgment in favor of Williams for $45 36, and costs. To reverse that judgment, the cause was taken by *certiorari* to the District Court. The District Court affirmed the judgment; and it is now brought into this Court for review. We think, the Judge who ruled the case below was right.

This was a negotiable note, and the maker was garnisheed before the maturity of that note. Negotiable paper is not such "*property*," "*money*" or "*effects*," as the statute contemplates, in describing what species of property or effects may be made the subject of garnishment. And *these* must be in the hand or possession, or under the control, or *due* from the person garnisheed *to* the defendant in the judgment or decree, which forms the basis of the writ at the time the writ is served upon him. Is it possible for the maker of a negotiable note, or any one else, except the holder, to tell to whom he is liable at any given hour during the period of that note's currency? It is not.

For such paper may, and in commercial communities often does, pass through scores of hands in a single day. Can the maker, therefore, be said to be indebted to the original payee before the maturity of such paper? We apprehend not. As well might he be said to be indebted to each one of the various persons through whose hands that note had passed; and as well and plausibly might he be garnisheed to answer under process of garnishment for the debt of each, or any, or all of them. But if negotiable paper, before its maturity, were the subject of garnishment, not only the maker of the note would be often made to suffer, but the innocent holder, as in the case now before us. Here, it is not alleged or pretended that Williams had any notice of such process having been issued at the time he took the note. It is alleged that Rice knew it. How? That he had heard so! Even if he had heard such a rumor, would that have prevented his recovery if he had retained the note? We apprehend not. But the question of notice does not arise in this cause; and even if it did, I think it would not alter the case. Williams had no notice; he had received the note for a valuable consideration, and was unquestionably entitled to recover.

The case before us illustrates the impracticability of making negotiable paper before its maturity, the subject of attachment or garnishment.

Here, either an innocent holder must lose his money, or a maker must be made to pay twice. This is a hardship. Indeed, it establishes the necessity of the rule.

The statute of Wisconsin, regulating the assignment and negotiability of paper, provides, " that such paper shall be negotiable in like manner as inland bills of exchange, according to the custom of merchants."

Thus, instead of restricting the *lex mercatoria*, it extends it; and shall we, in the face of this statute, and the adjudications under it by the Supreme Court of the State of Wisconsin, as well as the thousands of adjudications of other States, lay down and establish a new principle? Shall we alter a principle of law induced by necessity—founded upon reason—sanctioned by the use of ages, and approved by the best and wisest jurists, both of this country and Europe?

We think the judgment of the District Court should be affirmed.

Judgment affirmed, with costs, and execution awarded.